## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth Transportation
Commissioner of Va. et al.

v.

Maqbool A. Ahmed et al.

December 23, 2003

Case No. (Law) 212942

By Judge Robert W. Wooldridge, Jr.

This matter was before me on December 3, 2003, for a hearing pursuant to Va. Code § 25.1-241 (1950) on distribution of condemnation proceeds. At that time, I took under advisement the following issues: (1) whether the portion of the condemnation settlement earmarked as compensation for destroyed property must be paid to Wells Fargo pursuant to their Deed of Trust and (2) whether SunTrust Bank's lien on the property is good as against Ms. Arif.

This Court previously granted indefeasible title in the condemned property to the Commonwealth, pursuant to Va. Code § 33.1-129 (1950), by order dated October 31, 2003. At that time, the Clerk's Office was holding $11,000.00 plus interest as the amount of condemnation compensation agreed upon by the property owner and the Commonwealth.

The parties claiming entitlement to a portion of the proceeds are: SunTrust Bank, in the amount of $4,847.86 (plus interest and costs); Wells Fargo Home Mortgage, Inc., based on a home mortgage deed of trust in the amount of $146,039.00; and Ms. Arif, owner of the property, who claims entitlement to the portion of the settlement paid as compensation for damage to her fence.

SunTrust Bank obtained judgment against Maqbool Ahmed, Ms. Arif's predecessor in interest, on May 1, 2001. That judgment was recorded on July 19, 2001. The property was conveyed to Ms. Arif by Maqbool Ahmed and Muhammed Arif by deed dated February 6, 2002.[1] Subsequently, Ms. Arif

---

[1] Ms. Arif alleges that she bought the property in 2001, before the SunTrust Judgment was recorded, but the deed clearly indicates otherwise.

484

obtained a mortgage loan from Wells Fargo Home Mortgage, Inc. That loan is secured by the property "together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property." Wells Fargo Home Mortgage Deed of Trust, p. 4.

Paragraph eleven of the aforementioned deed of trust given by Muhammed Arif and Asma Arif, as borrowers, to Samuel I. White, P.C., as Trustee, for the benefit of Wells Fargo Home Mortgage, Inc., provides for the assignment of miscellaneous proceeds and forfeiture. Specifically, it states that "all Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender." *Id.* at 9. "Miscellaneous Proceeds" are defined as "any compensation, settlement, award of damages, or proceeds paid by any third party ... for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of any or all of the Property; (iii) conveyance in lieu of condemnation. . . ." Paragraph eleven goes on to state that, if the property has been damaged, the miscellaneous proceeds shall be applied to restoration or repair of the property if such restoration or repair is economically feasible and the Lender's security interest is not lessened.

Based on the foregoing, the condemnations proceeds are to be distributed as follows: First, to SunTrust Bank in satisfaction of their July 2001 lien, which I find predates Ms. Arif's deed to the property. The remainder of the proceeds should be paid to Wells Fargo Home Mortgage, Inc., pursuant to the terms of the deed of trust, with $3,000 of that remainder to be applied towards the repair of Ms. Arif's fence.